IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JOHN H. TODD,

            Plaintiff,

    v.

GALE A. MCMAHN, et al.,

            Defendants.

No. 1:15-cv-1091-MC

**ORDER**

**MCSHANE, J.**

    Pro se plaintiff John H. Todd brings this civil rights action against Klamath County Animal Control officer Gale A. McMahon, Klamath County Animal Control, and Klamath County. Plaintiff claims that his due process rights were violated by McMahon's alleged seizure of more than 90 cats from Plaintiff's property.

    Plaintiff moves for a temporary restraining order. I deny the motion.

### BACKGROUND

    In June 2015, Klamath County Animal Control officers removed more than 90 cats from Plaintiff's property in Chiloquin, Oregon, pursuant to a search warrant. Plaintiff alleges that on

December 7, 2015, the Klamath County District Attorney obtained a grand jury indictment and filed criminal charges against Plaintiff. McMahon allegedly testified at the grand jury proceedings.

Plaintiff alleges that a man who volunteered to help him was stopped and interrogated at "the courthouse" (apparently referring to the Klamath County Circuit Court). Plaintiff also alleges that he "has learned from Paul Hanson [apparently a reporter] that the clerk at the Klamath County Court House indicated that an arrest warrant had been issued by the District Attorney" for Plaintiff. Pl.'s Mot. 3, ECF No. 40.

Plaintiff filed this motion on January 15, 2016.

## LEGAL STANDARDS

To obtain a temporary restraining order, the plaintiff must show that he will suffer immediate and irreparable injury, loss, or damage if the court does not issue the requested temporary restraining order. Fed. R. Civ. P. 65(b). Temporary restraining orders are governed by the same standard as preliminary injunctions. *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.). The party seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). The plaintiff "must establish that irreparable harm is *likely*, not just possible." *Alliance For The Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The court may also apply the sliding scale test, under which the party seeking an injunction must show greater irreparable harm as the probability of success on the merits decreases. *Id.* at 1134-

35.  The standard for obtaining *ex parte* relief under Rule 65 is very stringent.  *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006).

## DISCUSSION

Plaintiff has not shown any valid justification for this court to issue such an extraordinary restraining order of an ongoing state criminal prosecution.  *See Dubinka v. Judges of Superior Court of State of Cal. for Cty. of Los Angeles*, 23 F.3d 218, 223 (9th Cir. 1994) ("federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute is flagrantly and patently violative of express constitutional prohibitions") (further citations and quotation marks omitted).  Plaintiff has not shown that the state prosecution is in bad faith merely because Plaintiff had previously filed this and other civil rights actions challenging the seizure of his cats.  I have rejected Plaintiff's argument that Oregon's animal welfare statutes are unconstitutional.  *See Todd v. State of Oregon*, No. 15-cv-1949-MC, ECF No. 6 (D. Or. Nov. 24, 2015).  Plaintiff may raise such arguments in the state court prosecution.

## CONCLUSION

Plaintiff's Motion for Temporary Restraining Order (#40) is denied.

IT IS SO ORDERED.

DATED this 19th day of January, 2016.

                                                s/ Michael J. McShane
                                                MICHAEL MCSHANE
                                                U.S. DISTRICT JUDGE