IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JOHN H. TODD,

                Plaintiff,

    v.

GALE A. MCMAHN, et al.,

                Defendants.

No. 1:15-cv-1091-MC

**ORDER**

_____

**MCSHANE, J.**

      Pro se plaintiff John H. Todd brings this civil rights action against Klamath County Animal Control officer Gale A. McMahon, Klamath County Animal Control, and Klamath County. Plaintiff claims that his due process rights were violated by McMahon's alleged seizure of more than 90 cats from Plaintiff's property.

      Plaintiff now moves for partial summary judgment, and to disqualify me as the presiding judge. I deny the motions.

1- ORDER

**I. Plaintiff's Motion for Partial Summary Judgment**

Plaintiff alleges Defendants took 114 cats from his property, but that he signed no more than 98 surrender forms for the cats on the day of the seizure. Plaintiff argues that Defendants must have seized at least 16 cats without signed surrender forms.

Plaintiff has not shown that he is entitled to partial summary judgment. The alleged lack of a signed surrender form for each cat seized from Plaintiff does not necessarily show as a matter of law that Plaintiff's due process rights were violated. I deny the motion for partial summary judgment.

**III. Motion to Disqualify Judge Michael McShane**

Plaintiff moves to disqualify me as the presiding judge. Plaintiff submits an affidavit in support of his motion.

**A. Background**

Plaintiff argues that I have "shown an unreasonable bias in favor of [Defendants'] attorney, Gerald Warren," and that I have "exhibited a presumption of guilt towards the plaintiff." Mot. Disqualify at 1, ECF No. 52. To support these assertions, Plaintiff's affidavit cites adverse rulings I have made during this litigation and in other related actions filed by Plaintiff. For example, Plaintiff brought an action challenging Oregon animal welfare statutes as unconstitutionally vague, which I dismissed with prejudice for failure to state a claim. *Todd v. State of Oregon*, No. 1:15-cv-1949-MC, ECF. No. 6 (D. Or. Nov. 24, 2015). Plaintiff now asserts that this court's dismissal of that action was "arbitrary and capricious." As evidence of bias, Plaintiff also cites this court's statement that Plaintiff could assert vagueness as a defense in the pending state criminal prosecution of Plaintiff for animal neglect. Although Plaintiff contends that merely mentioning the pending criminal prosecution shows prejudice, Plaintiff

himself requested that this court take judicial notice of the pending prosecution. ECF No. 37, at 2 (Plaintiff seeks judicial notice that "the Klamath County District Attorney informed [Plaintiff] that he was charged with 14 [felonies]"). Merely mentioning the pending criminal prosecution does not show a "presumption of guilt."

### B. Legal Standards for Disqualification

Sections 144 and 455 of Title 28 of the United States Code govern the recusal (that is, disqualification) of a district judge. Under both statutes, "'recusal is appropriate where a reasonable person with knowledge of all the facts would conclude that [the] judge's impartiality might reasonably be questioned.'" *Kulas v. Flores*, 255 F.3d 780, 787 (9th Cir. 2001) (quoting *Moideen v. Gillespie*, 55 F.3d 1478, 1482 (9th Cir. 1995) (citation omitted)). For a judge to be disqualified, there must be a showing of "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

### C. Plaintiff Has Not Shown Grounds for Disqualification

Plaintiff relies on 28 U.S.C. §144 as the legal basis for his motion to disqualify. "An affidavit filed pursuant to [§144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980) (citations omitted). A motion to disqualify must be denied when the motion and affidavit in support "contain only [the moving party's] conclusions and are devoid of specific fact allegations tending to show personal bias stemming from an extrajudicial source." *Id.*

Here, Plaintiff's motion and affidavit contain no allegations "tending to show personal bias stemming from an *extrajudicial* source." *Id* (emphasis added). Instead, as evidence of bias, Plaintiff cites only this court's rulings and related statements. A judge's ruling against a party

3- ORDER

does not, without much more compelling evidence, show prejudice against that party, or bias in favor of the prevailing party. Plaintiff's motion and affidavit are legally insufficient. I conclude there is no need to recuse myself, or to refer Plaintiff's motion to another judge. *Id.; see also United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008) ("the judge's conduct during the proceedings should not, except in the 'rarest of circumstances' form the sole basis for recusal") (quoting *Liteky,* 510 U.S. at 555 (footnote omitted)).

## CONCLUSION

Plaintiff's Motions for Partial Summary Judgment (#53) and to Disqualify Judge Michael McShane (#52) are denied.

IT IS SO ORDERED.

DATED this 1st day of March, 2016.

_____
MICHAEL McSHANE
U.S. DISTRICT JUDGE