Gerald L. Warren, OSB #814146
gwarren@geraldwarrenlaw.com
Aaron P. Hisel, OSB #161265
ahisel@geraldwarrenlaw.com
901 Capitol St. NE
Salem, OR 97301
   Telephone: (503) 480-7252
   Fax: (503) 779-2716
      Attorneys for Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| JOHN H. TODD, | Case No. 1:15-cv-01091-MC |
| Plaintiff, | |
| v. | **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| GALE A. McMAHN; KLAMATH COUNTY ANIMAL CONTROL; and KLAMATH COUNTY, | |
| Defendants. | |

## LR 7-1 CERTIFICATION

Pursuant to LR 7-1, my associate, Aaron Hisel, spoke with plaintiff by telephone on June 6, 2016 regarding defendants' intention to file this Motion for Summary Judgment. Plaintiff maintained his belief that his remaining claims were viable. The Court's assistance is requested to resolve these issues.

### NOTICE-WARNING

*This Notice May be Required to be Given to You by the Court*
The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under <u>Rule 56 of the Federal Rules of Civil Procedure</u> will, if granted, end your case.

Page 1 – **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact - - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 26(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

## MOTION

Defendants Gale McMahon, Klamath County Animal Control, and Klamath County move the Court pursuant to Fed. R. Civ. P. 56 for summary judgment against plaintiff on his remaining claim of procedural due process. (Dkt #10, p. 5). In support of this Motion, defendants rely upon the pleadings on file and the Declarations of Gale McMahon and Gerald L. Warren that accompany this Motion and Memorandum of Law.

## INTRODUCTION

Plaintiff had over 90 cats living in his home.[1] Those cats were seized by Klamath County Animal Control officials on June 15, 2015. (McMahon Decl., p. 2). Plaintiff filed his original Complaint on June 17, 2015. (Dkt. # 1). Plaintiff's original Complaint was dismissed with leave to amend. (Dkt. # 6). Plaintiff filed an Amended Complaint and the Court allowed plaintiff to proceed on a claim of procedural due process "based on McMahon's alleged conduct in forcing plaintiff to sign surrender forms for the cats," and "retention of his cat carriers." (Dkt. #s 9, 10). For the reasons that follow, both of these claims fail as a matter of law.

---

[1] Plaintiff estimates he was in possession of approximately 100 cats. (Warren Decl., Ex. 1 Tr. p. 30). Dr. Keener with East Ridge Veterinary Hospital informed McMahon that 114 cats had been delivered to their facility following the execution of the search warrant at plaintiff's home. (McMahon Decl. pp. 2-3).

Page 2 – **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**UNDISPUTED MATERIAL FACTS**

On June 8, 2015, Klamath County Assistant Animal Control Officer Gale McMahon received an email from plaintiff's former roommate, Kathy Baker. (McMahon Decl., Ex. 1). The email from Ms. Baker reported plaintiff had over 100 cats and three dogs living inside his home at times with little or no food. *Id.* The email also described conditions of urine, feces, and vomit on the floors, animals being enclosed in small rooms, and some animals being in need of medical attention. *Id.* McMahon and Interim Animal Control Officer James Nielsen went to plaintiff's house the same day, identified who they were, explained their reason for being there, and requested permission to inspect plaintiff's home and animals. (McMahon Decl.). Plaintiff denied permission for the animal control officers to inspect his home and animals, stating that to do so would make him late for an appointment. (*Id.*; Warren Decl., Ex. 1 Tr. pp. 24-25).

At the time plaintiff spoke to McMahon on June 8, 2015, he stated a local veterinarian, Dr. Wilson from Companion Pet Veterinary Clinic, could substantiate plaintiff's claim that he properly cared for his animals. (McMahon Decl.). McMahon subsequently spoke with Dr. Wilson on June 10, 2015. *Id.* Dr. Wilson acknowledged knowing plaintiff and relayed that plaintiff had just brought in a cat the previous day that was suffering from diarrhea, but he said plaintiff was unable to afford the necessary treatments or medications. *Id.*

On June 10, 2015, Ms. Baker came to the Klamath County Animal Control office and completed a written complaint form detailing many of the same conditions mentioned in her email. (McMahon Decl., Ex. 2). Additional details in the written complaint that were not included in the previous email were Ms. Baker's knowledge of the conditions of plaintiff's home was based on having lived in the home several months up until May 20, 2015, and that it was at certain times of the month the cats were without adequate food or cat litter. *Id.* Ms. Baker's

written statement detailed that she thought there were "over 120 cats" there, and one had been in a carrier for approximately two months due to injury and because plaintiff lacked the funds to get necessary veterinary treatment for it. *Id.* Ms. Baker's written statement also described other cats being inflicted with "colds, runny noses, runny eyes, ear mites, bad teeth, vomit, diarrhea," and a very strong odor of urine throughout the house. *Id.*

On June 12, 2015, McMahon applied to Klamath County Circuit Court and was granted a search warrant of plaintiff's home based on McMahon's contact with plaintiff, the statements given by Ms. Baker, and McMahon's interview of Dr. Wilson. (McMahon Decl., Ex. 3).

On June 15, 2015, McMahon, along with two other KCAC officers, executed the search warrant. (McMahon Decl.). According to the post-search accounting by East Ridge Veterinary Hospital, 114 cats were removed from the home. (McMahon Decl.). Plaintiff believes he signed 93 release forms, while there are 99 original signed forms on file with KCAC. (Warren Decl., Ex. 1 Tr. pp. 23-24; McMahon Decl.). Plaintiff contends he only signed the release forms because McMahon threatened to arrest him if he refused to do so, and plaintiff was afraid if he was in jail he would not be able to properly seek relief in federal court. (Warren Decl., Ex. 1 Tr. p. 20).

On June 17, 2015, plaintiff filed in federal court a Motion for a Temporary Restraining Order and the original Complaint in this action. (Dkt. #s 1, 4).

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying

those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." (*Id*. at 323). The non-moving party must come forward with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348 (1986).

"A Summary Judgment Motion cannot be defeated by relying solely upon conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). It is only the material facts that come into play. A fact is "material" when it is relevant to an element of a claim or when its existence might affect the outcome of the suit. *TW Elec. Service Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987). If the non-moving party's facts, together with undisputed background or contextual facts, do not show the non-moving party to be justified to a jury verdict in its favor, summary judgment is appropriate. (*Id*. at 631). Summary judgment is mandated where the facts and the law will reasonably support only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 250-251, 106 S.Ct. 2505 (1986). One of the principal purposes of a summary judgment procedure is to isolate the disposal of claims that are not factually supported and the rule is to be interpreted to accomplish this purpose. *Celotex*, 477 U.S. at 323-24. The "mere existence of a scintilla of evidence in support of plaintiff's positions [is] insufficient." *Anderson*, 477 U.S. at 252. Therefore, where "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587.

## ARGUMENT

**The Facts do not Support a Federal Procedural Due Process Claim in that Available State Remedies are Sufficient**

The Court has previously ruled that plaintiff has stated a single claim of denial of procedural due process against defendants. (Dkt #10, p. 5). Under the Fourteenth Amendment,

Page 5 – **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

no state shall deprive "any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. It is impracticable to expect the state to anticipate or control the "random and unauthorized intentional conduct of its employees." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Even unauthorized deprivations of property by government actions are not violations of due process so long as post-deprivation remedies are available including a lawsuit for damages. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Hudson*, 468 U.S. at 533.

When a plaintiff alleges that he suffered an unauthorized deprivation of procedural due process, and there is an adequate state remedy, the plaintiff has no cause of action under §1983. *Hudson*, 468 U.S. at 533, 104 S. Ct. 3194; *Raditch v. U.S.*, 929 F.2d 478, 480-81 (9th Cir. 1991). Similar to the plaintiff in *Hudson*, here plaintiff "does not even allege that the asserted [seizure] of his property occurred pursuant to a state procedure." *Id.* That is, while a search warrant was issued, plaintiff's claim is that he signed release of property forms "under duress," after he was threatened by McMahon with arrest, and that some of his cat carriers were also seized. (Am. Compl. p. 5). Even if true, this is the kind of random and unauthorized conduct that cannot be practically anticipated. Accordingly, as long as Oregon law provides adequate post-deprivation remedies, including a lawsuit for damages, no federal procedural due process violation has occurred.

Both this District and Ninth Circuit Court have found the post-deprivation Oregon state remedies for unauthorized property loss satisfy procedural due process. *See Scott v. Jackson County*, 403 F.Supp.2d 999, 1006 (D. Or. 2005) (involving the seizure of 400 rabbits); *Osborne v. Williams*, 444 Fed.Appx. 153, *1 (9th Cir. 2011) (citing *Hudson* and finding the Oregon Tort Claims Act satisfies procedural due process as to post-deprivation relief).[2]

---

[2] Additional forms of state relief may also be available to plaintiff. See generally ORS Chapter 28 regarding Declaratory Judgment actions.

Page 6 – **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff was aware that state court remedies were available to him, but he chose instead to pursue his lawsuit and Temporary Restraining Order in federal court because he was "more familiar" with federal courts from his previous employment as a paralegal. (Warren Decl., Ex. 1 Tr. pp. 79, 81, 87-88). Plaintiff also asserts he "did not trust" the state courts because it was a state court judge who signed the underlying search warrant. (Warren Decl., Ex. 1 Tr. p. 81).

Whether plaintiff's cat carriers were taken pursuant to a warrant, whether plaintiff's cats were seized pursuant to a warrant or a surrender form, whether McMahon made plaintiff feel "compelled" to sign the surrender forms, and plaintiff's preference for the federal court system over the state court remedies available to him – have no bearing on the federal procedural due process claim before the court. Even if an unauthorized deprivation of plaintiff's property took place, Oregon's post-deprivation remedies satisfy any federal procedural due process concerns.

Plaintiff does not allege that any state remedies are deficient in any way. Plaintiff's theory is that this Court "failed to do its job" by not granting the relief plaintiff desires, and that he does not need to seek state relief if he is more comfortable with federal court or is distrusting of the state court system. (Warren Decl., Ex. 1 Tr. pp. 79, 81, 87-88). Plaintiff is wrong. Where a plaintiff does not contend the state's procedures are themselves constitutionally inadequate, the remedy is to seek relief under state law. *Hudson,* 486 U.S. at 535, 108 S.Ct. 1954. Plaintiff's claim for procedural due process fails as a matter of law.

## CONCLUSION

For the above reasons, defendants' Motion for Summary Judgment should be granted.

DATED this 22nd day of June, 2016.

                                         s/ Gerald L. Warren
                                         Gerald L. Warren, OSB #814146
                                         Aaron P. Hisel, OSB #161265
                                         Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing DEFENDANTS' MOTION FOR SUMMARY JUDGMENT on:

    John H. Todd
    P.O. Box 608
    Chiloquin, OR 97624
        Plaintiff *Pro se*

by the following indicated method or methods:

☐     by **electronic means through the Court's Case Management/Electronic Case File system** on the date set forth below;

☐     by **faxing** a copy thereof to each attorney at each attorney's last-known facsimile number on the date set forth below;

☒     by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the plaintiff's last-known address listed above and depositing it in the U.S. mail at Salem, Oregon on the date set forth below;

☐     by causing a copy thereof to be **hand-delivered** to said attorney at each attorney's last-known office address listed above on the date set forth below;

☐     by sending a copy thereof via **overnight courier** in a sealed, prepaid enveloped, addressed to each attorney's last-known address on the date set forth below.

DATED this 22nd day of June, 2016.

                                                s/ Gerald L. Warren
                                        Gerald L. Warren, OSB #814146
                                        Attorney for Defendants