IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JOHN H. TODD,

                Plaintiff,

    v.

GALE A. MCMAHN[1], et al.,

                Defendants.

No. 1:15-cv-1091-MC

**ORDER**

**MCSHANE, J.**

    Pro se plaintiff John H. Todd brings this civil rights action under 42 U.S.C. § 1983 against Klamath County Animal Control officer Gale A. McMahon, Klamath County Animal Control, and Klamath County. Plaintiff claims that his procedural due process rights were violated when Klamath County Animal Control officers seized more than 90 cats that Plaintiff was keeping in his house. Plaintiff alleges that McMahon forced him to sign surrender forms for the cats, and that Klamath County improperly retained Plaintiff's cat carriers.

    Defendants now move for summary judgment. I grant the motion.

---

[1] So spelled in Plaintiff's complaint. The correct spelling is McMahon.

1 - ORDER

## BACKGROUND

On June 8, 2015, McMahon received an email from Kathy Baker, alleging animal neglect at a house in Chiloquin. Baker's email stated:

> Over 100 cats in an [sic] home very bad urine odor bad living situation feces and vomit all over the place. sometimes little to no food. also three dogs [no] tags on two. Please go check in them 1211 chocktoot chiloquin[2] . homemade rooms in house they are all closed in small rooms thruogh oyt [sic] the whole house. some need medical attention.

McMahon Decl., Ex. 1, at 1, ECF No. 69-1. McMahon and interim Animal Control officer James Nielsen drove to Plaintiff's house later on June 8, 2015 to investigate. The officers encountered Plaintiff outside his house, identified themselves, and told Plaintiff they had received a report that he was not properly caring for his cats. Plaintiff immediately concluded that Baker had tipped off the officers. Plaintiff told the officers that Baker "was trying to extract a thousand dollars from me. And she told me she'd get even with me if I didn't give her the money." Warren Decl., Ex. 1 at 8, ECF No. 70-1 (transcript of Plaintiff's deposition). Plaintiff said Dr. Dean Wilson, a veterinarian, could verify that Plaintiff was properly caring for his cats. Plaintiff refused to permit the officers to inspect his house and animals, stating that he would be late for a medical appointment. Warren Decl., Ex. 1, at 10. In an affidavit filed in support of the search warrant, McMahon stated that "there was a horrendous odor of urine that seemed to originate" from Plaintiff's house, which was about 75 feet away. McMahon Decl., Ex. 3, at 2.

On June 10, 2015, McMahan spoke to Dr. Wilson. McMahon Decl. ¶ 5. Dr. Wilson said Plaintiff had brought in a cat suffering from diarrhea to the clinic the day before, but had not been able to pay for medication or treatment. Plaintiff contests this statement, contending in his response brief that he did purchase medication for the cat. Pl. Resp. 2.

---

[2] This is Plaintiff's street address in Chiloquin, Oregon.

2 - ORDER

Also on June 10, 2015, Kathy Baker met with McMahon in his office and filled out a complaint form, describing the treatment of cats in Plaintiff's house. McMahon Decl., Ex. 2. Baker, who had lived in the house for several months until May 20, 2015, stated that Plaintiff kept more than 120 cats in crowded, filthy conditions, and that several days per month the cats lacked adequate food and litter. Baker stated that some of the cats suffered from runny eyes and noses, ear mites, bad teeth, vomiting, and diarrhea, and that the entire house smelled very strongly of urine.

Based on his investigation, McMahon applied for a search warrant to search Plaintiff's house and to seize animals under Plaintiff's care. The search warrant also sought documents related to the animals' care and ownership. A Klamath County Circuit judge approved the search warrant. McMahon Decl., Ex. 3. .

On June 15, 2015, McMahon, Nielsen, and another Animal Control officer executed the search warrant and searched Plaintiff's house. Plaintiff testified at his deposition that McMahon told him the officers had counted 93 cats, and that Plaintiff would be arrested and jailed unless he signed surrender forms for each cat. Warren Decl., Ex. 1, at 5. Plaintiff testified that McMahon also told him that if he refused to sign the surrender forms, he would be charged for boarding the cats, at $10 per cat per day, for 10 to 14 days until a forfeiture hearing could be held. According to Plaintiff, McMahon told him, "We're still going to get the cats anyway, because nobody ever beats the forfeiture hearing and we don't have anyplace to do anything with them, so we're going to put them to sleep." Warren Decl., Ex. 1 at 5. Plaintiff testified that he signed the surrender forms because "[i]f I wasn't in jail, I could get over to a federal courthouse and hopefully get a restraining order while I fought it in court." Warren Decl., Ex. 1, at 5.

3 - ORDER

McMahon states that Plaintiff signed 99 surrender forms, not 93 as alleged by Plaintiff. McMahon Decl. ¶ 8. McMahon also states that the officers used all the forms they had at the time. On June 19, 2015, Dr. Marcie Keener, a veterinarian, told McMahon that Defendants had left 114 cats seized from Plaintiff's house at her clinic. The cats were examined, treated, vaccinated, and adopted out, with the exception of one cat that was euthanized. *See Todd v. Whitaker*, No. 1:16-cv-447-MC, Compl., Ex. 2, ECF No. 1 (letter from counsel for the Oregon Humane Society on the disposition of Plaintiff's cats).

On June 17, 2015, Plaintiff filed a complaint and a Motion for a Temporary Restraining Order in this court. ECF Nos. 1, 2, 4. I denied Plaintiff's amended motion for a temporary restraining order, and dismissed Plaintiff's complaint without prejudice. Order, ECF No. 6. Plaintiff then filed an amended complaint. ECF No. 9. I determined that this action could proceed only on Plaintiff's procedural due process claim. Order at 5, ECF No. 10.[3]

## STANDARDS FOR SUMMARY JUDGMENT MOTIONS

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must show the absence of genuine dispute as to a material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show evidence creating a genuine issue of material fact. *Id.* "This burden is not a light one . . . . The non-

---

[3] Plaintiff has filed other actions in this court challenging the seizure of his cats on various grounds: *Todd v. Nielson*, No. 1:15-cv-1832-MC (dismissed as redundant of this action) (judgment issued Mar. 31, 2016); *Todd v. State of Oregon*, No. 1:15-cv-1949-MC (dismissed for failure to state a claim) (judgment issued Nov. 24, 2015); *Todd v. Partridge*, No. 1:15-cv-2412-MC (dismissed for failure to state a claim) (judgment issued Feb. 16, 2016); *Todd v. Whitaker*, No. 1:16-cv-447-MC (dismissed for failure to state a claim) (judgment issued Aug. 8, 2016).

4 - ORDER

moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted).

A dispute as to a material fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarmo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255. A "mere disagreement or the bald assertion that a genuine issue of material fact exists" is not sufficient to preclude the grant of summary judgment. *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989).

The substantive law governing a claim or defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id.*

## DISCUSSION

Plaintiff claims that Defendants' seizure of his cats and carriers violated his right to procedural due process. "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). In analyzing a procedural due process claim, the court first "asks whether there exists a liberty or property interest which has been interfered with by the State," and then "examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *United States v. Juvenile Male*, 670 F.3d 999, 1013 (9th Cir. 2012) (quotation marks and citation omitted).

Here, assuming Plaintiff has shown a property interest at stake, he has failed to show that Defendants violated his rights to procedural due process. The Supreme Court has held that a state official's negligent or even intentional unauthorized deprivation of property does not violate procedural due process rights if the state provides adequate post-deprivation remedies. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Addressing similar facts, this court has held that Oregon provides adequate post-deprivation remedies for persons whose animals were allegedly seized illegally by animal control officers. *See Scott v. Jackson County,* 403 F. Supp. 2d 999, 1006 (D. Or. 2005) ("adequate post-deprivation safeguards" available to plaintiff challenging seizure of rabbits by animal control officials), *aff'd in part and rev'd in part on other grounds*, 297 F. App'x 623 (9th Cir. 2008) (affirming summary judgment for defendants on federal civil rights claims).

Plaintiff chose to file this action here rather than pursue the post-deprivation remedies available under Oregon law. Plaintiff knew that the state offered such remedies. Warren Decl., Ex. 1, at 13. Plaintiff does not contend that the available state post-deprivation remedies were constitutionally inadequate. Plaintiff testified that he chose to file in federal court because he was more familiar with federal court from prior experience as a paralegal, and because he "didn't trust the state courts" when a state court judge had signed the search warrant. Warren Decl., Ex. 1, at 13. Plaintiff contends that challenging the seizure in state court "would be futile . . . in the county where county employees were accused of violating the plaintiff's civil rights." Pl. Resp. 5, ECF No. 74. By Plaintiff's logic, however, federal district courts would be "the de facto appeals court for all of the state's investigations involving warrants." Defs. Reply 2. And state courts do have concurrent jurisdiction with federal courts to hear claims under 42 U.S.C. § 1983. *Felder v. Casey*, 487 U.S. 131, 139 (1988). Plaintiff argues that plaintiffs bringing claims under

§ 1983 are not required to exhaust administrative remedies, but the issue is not exhaustion, but whether the state's post-deprivation procedures comply with federal due process requirements.

Plaintiff also challenges the validity of the search warrant on various grounds. I adhere to my prior ruling in this action that the search warrant was supported by probable cause. Order 6, ECF No. 6 (D. Or. June 30, 2015).

Plaintiff moves to strike McMahon's pleadings, based on Plaintiff's failure to set a mutually agreeable date to depose McMahon. Plaintiff sent a notice of deposition for McMahon without first conferring with opposing counsel. I note that although Plaintiff has been representing himself in this action, he was assisted by counsel on discovery issues. Plaintiff's "limited-scope" attorney agreed with Defendants' attorney on a date to depose Plaintiff, but did not seek to depose McMahon. I agree with Defendants that Plaintiff's motion to strike has no basis in law or fact.

## CONCLUSION

Defendants' Motion for Summary Judgment, ECF No. 68, is GRANTED. Plaintiff's Motion to Strike Defendant Gale A. McMahn's Pleadings, ECF No. 71, is DENIED.

IT IS SO ORDERED.

DATED this 9th day of November, 2016.

_____/s/_____
MICHAEL MCSHANE
U.S. DISTRICT JUDGE