IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN H TODD,

      Plaintiff,

      v.

GALE A MCMAHN, KLAMATH
COUNTY ANIMAL CONTROL, and
KLAMATH COUNTY,

      Defendants.

_____

No. 1:15-cv-01091-MC

ORDER

MCSHANE, Judge:

    The Ninth Circuit referred this matter to the Court for the limited purpose of determining whether Plaintiff's in forma pauperis ("IFP") status should continue on appeal. Notice, ECF No. 109. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is "not taken in good faith" if it is frivolous, meaning "it lacks an arguable basis either in law or in fact." *See Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

    Pro se plaintiff John H. Todd brought this civil rights action against Klamath County Animal Control, Officer McMahon, and Klamath County, alleging violations of his due process rights when Animal Control officers seized more than 90 cats from Plaintiff's home. This Court granted Defendants' Motion for Summary Judgment and dismissed this action with prejudice in 2016. Order, ECF No. 78; Judgment, ECF No. 79. The Ninth Circuit affirmed in 2017. *Todd v.*

1 – ORDER

*McMahon*, 698 F. App'x 535 (9th Cir. 2017). This Court denied Plaintiff's most recent Motion to Reopen Case and Set Aside Judgment, ECF No. 103, and Plaintiff now appeals.

The Court construes Plaintiff's Motion as a Motion for Relief from Judgment under Fed. R. Civ. P. 60(b). Because more than a year has passed since Judgment was entered, the Court lacks jurisdiction to consider a motion under Rule 60(b)(1)–(3). Fed. R. Civ. P. 60(c)(1); *see Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir.1989). The Court therefore construes Plaintiff's motion under Rule 60(b)(6), a catch-all provision allowing the Court to set aside a judgment for "any other reason that justifies relief." *See Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir.1998). Courts have used Rule 60(b)(6) "sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir.1993). To obtain relief under Rule 60(b)(6), a moving party must "show both injury and that circumstances beyond its control prevented timely action to protect its interests." *Id.* "Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004).

Plaintiff argues that, under the *Younger* abstention doctrine, his federal action should have been stayed while his underlying state criminal case was ongoing. Pl.'s Mot., ECF No. 103. Even assuming, without deciding, that Plaintiff is correct, his argument fails because the Ninth Circuit already affirmed this Court's ruling on the merits. Namely, the Ninth Circuit found that "[s]ummary judgment on [Plaintiff's] Fourth Amendment claim was proper because [Plaintiff] failed to raise a genuine dispute of material fact as to whether defendant McMahon was not authorized to obtain the warrant." *Todd*, 698 F. App'x at 535. Further, Plaintiff pleaded guilty to a code violation in his state case. Order 2, ECF No. 99; Pl.'s Mot. Relief Ex. 6, at 6, ECF No. 98. To the extent that Plaintiff now seeks to challenge his state conviction by reopening his federal

2 – ORDER

case, this Court lacks jurisdiction under the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005); *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1153 (9th Cir. 2007).

Because Plaintiff's appeal is frivolous, Plaintiff's IFP status is revoked. *See* 28 U.S.C. § 1915(a)(3); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). The clerk is directed to mail the Ninth Circuit and Plaintiff a copy of this Order.


IT IS SO ORDERED.

DATED this 20th day of December, 2022.


_____/s/ Michael J. McShane_____
Michael McShane
United States District Judge

3 – ORDER